UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| AVRAHAM EISENBERG,<br><br>    Plaintiff,<br><br> v.<br><br>NUMERIS LTD.; SASHA IVANOV; and DOES 1-10,<br><br>    Defendants. | Civil Action No. 3:22-cv-01325 |

### PLAINTIFF'S MOTION TO RESTRICT

Plaintiff Avraham Eisenberg moves this Court pursuant to Federal Rule of Civil Procedure 65 to restrict access to Plaintiff's emergency *ex parte* motion for temporary restraining order [ECF No. 2] at the *ex parte* viewing level. Rule 65 provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

Here, the Declaration of Avraham Eisenberg [ECF No. 2-2] shows the immediate and irreparable injury, loss, or damage that will result before Defendants can be heard in opposition. Decl. Eisenberg Ex. 2 ¶ 23, ECF No. 2-2. Specifically, Mr. Eisenberg testified that he has deposited $14.5 million in USDC to the Waves Address. *Id.* ¶ 12. Defendants "are moving the few remaining assets off the Waves bridge." *Id.* ¶ 23. As such, "[i]f the bridge is not frozen," immediate and irreparable harm will result to Mr. Eisenberg because "it is very likely that all such assets will be

completely depleted and that [he] will never be repaid for the digital assets [he] deposited." *Id.* Further, the Motion provides that certification regarding the attempts to provide Defendants with notice and the reasons why the Court should not require notice. Decl. Johnson ¶¶ 4-6, ECF No. 2-1. Therefore, the Court should issue a temporary restraining order without written or oral notice to Defendants.

For these reasons, Plaintiff moves this Court to restrict access to the emergency *ex parte* motion for temporary restraining order at the *ex parte* viewing level.

Dated: July 14, 2022

Respectfully submitted,

**Dunlap Bennett & Ludwig PLLC**

By: s/ Cortland C. Putbrese
Cortland C. Putbrese
Puerto Rico Federal Bar No. 305708
8003 Franklin Farms Dr., Suite 220
Richmond, Virginia 23229
Tel.    804.977.2688
Fax    804.977.2680
cputbrese@dbllawyers.com

**Creedon PLLC**

James H. Creedon
Texas Bar No. 24092299
Christian Cowart
Texas Bar No. 24105748
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel.    972.850.6864
Fax    972.920.3290
jhcreedon@creedon.com
cwallace@creedon.com
ccowart@creedon.com

**Johnson Friedman Law Group, PLLC**

Samuel H. Johnson
Texas Bar No. 24065507
7161 Bishop Road, Suite 220
Plano, TX 75024
Tel.     214.382.0300
Fax     214.466.2481
sam@jfbusinesslaw.com

ATTORNEYS FOR PLAINTIFF
AVRAHAM EISENBERG

### CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: s/ Cortland C. Putbrese
Cortland C. Putbrese

### CERTIFICATE OF CONFERENCE

No defendant has appeared yet in this case, and therefore, pursuant to Local Rule 7.1b, undersigned counsel states that he is unable to meet and confer with the defendants and unable to state whether this motion is opposed.

By: s/ Cortland C. Putbrese
Cortland C. Putbrese