AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Puerto Rico

| | |
|---|---|
| Avraham Eisenberg <br> *Plaintiff* <br> v. <br> Numeris Ltd.; Sasha Ivanov; and DOES 1-10 <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:22-cv-01325 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Medium Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Via e-mail to Christian Cowart at ccowart@creedon.com or mutually agreeable place | Date and Time: 09/30/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | OR |
|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
___Avraham Eisenberg_____, who issues or requests this subpoena, are:
Christian Cowart, 5 Cowboys Way, Suite 300, Frisco, Texas 75034, ccowart@creedon.com, (972) 850-6864

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:22-cv-01325

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

Case 3:22-cv-01325-ADC   Document 19-2   Filed 09/02/22   Page 3 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit A
to Subpoena to Medium Corporation

## I. Definitions

The terms used herein will be given the broadest meaning allowed under the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Puerto Rico.

Additionally, these terms have the following meanings when used in this Subpoena:

**A.  Specific Definitions**

1. "**Action**" means Civil Action No. 3:22-cv-01325 styled *Avraham Eisenberg* v *Numeris Ltd., et al.*, currently pending before the U.S. District Court of Puerto Rico. The complaint from the Action is attached as Appendix A.

2. "**Defendants**" means collectively and individually: Numeris, Ivanov, and their agents acting on their behalf, pursuant to their control, or subject to their control.

3. "**Eisenberg**" means Avraham Eisenberg.

4. "**Ivanov**" means Sasha Ivanov.

5. "**Numeris**" means Numeris Ltd.

6. "**Third Party**" means and includes any Person other than You, Eisenberg, Numeris, and Ivanov.

7. "**Vires**" refers to the Vires Finance that is a peer-to-contract money market protocol build on the Waves Blockchain that allows for borrowing assets by supplying other assets as collateral and located at website URLs associated with https://vires.finance.

8. "**Waves**" refers to the Waves Protocol that is a decentralized, open blockchain protocol and located at website URLs associated with https://waves.tech.

9. "**You**" and "**Your**" mean collectively and individually: Medium Corporation and their parents, predecessors, successors, assigns, affiliates, direct and indirect subsidiaries, and partners; any joint venture in which these entities hold an interest; Persons owned or controlled by the foregoing in whole or in part; and their officers, directors, employees, agents, representatives, accountants, financial advisors, consultants, and attorneys.

**B.  General Definitions**

1. "**Communications**," "**Communicated**," and "**Communicate**," or any variant thereof, means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

Exhibit A<br>to Subpoena to Medium Corporation

2. "**Document**" or "**Documents**" have the broadest meaning possible under the Federal Rules of Civil Procedure; and includes documents; ESI; Communications in written, electronic, and recorded form; and Tangible Things. The term "Documents" includes, by way of some specific examples, at least the following:

   a. Any form of computer or electronic files (such as e-mails, iMessages or text messages, Word documents, Excel spreadsheets, Google Docs, Google Drive, PDFs, Canva files, PowerPoint presentations, audio, web files, or other media that can store data);

   b. Any handmade form (such as journals, drawings, paintings, sign-up sheets, inventory checklists, shipping invoices, instructions, ledgers, and other recordings of an event or transaction);

   c. Any mechanical form (such as printings, 3D modeling, permits, forms, CAD drawings, and product specifications); and

   d. Any photographic form (such as videos, pictures, screenshots, Canva graphic design files, social media graphics, posters, brochures, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, and photocopies).

3. "**Electronically Stored Information**" or "**ESI**" means electronically stored information as defined by the Federal Rules of Civil Procedure.

4. "**Person**" or "**Persons**" means any natural person or legal entity, including any business or governmental entity or association.

5. "**Tangible Things**" means a material object, goods, or chattels, either real, personal, movable, or immovable, including journals, books, records, papers, photographs, physical Documents, and other items.

## II.   Instructions

1. Please deliver all responses and objections in writing to Eisenberg's counsel as follows:

   a. Via e-mail to Christian Cowart at ccowart@creedon.com; and/or

   b. Via mail to Creedon PLLC, ATTN: Christian Cowart, 5 Cowboys Way, Suite 300, Frisco, Texas 75034.

2. You must collect and produce all documents available at the time of Your responses by the exercise of reasonable diligence that are in the possession, custody, or control for You and any Person acting on Your behalf.

3. All documents must be produced in the following format:

*Exhibit A*<br>to Subpoena to Medium Corporation

    a. PDF format; or if unavailable, Single-page group IV TIFFs in at least 300 dpi for black and white images or .JPG for images produced in color;

    b. Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents);

    c. Database load files and cross reference files, *e.g.*, Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No., End Bates No., Bates Range, Bates Parentid, Attach Begin, Attach End, Page Count, From/Author, To/Recipient(s), CC, Bcc, Email Date Sent, Email Time Sent, Email Date Received, Email Time Received, Email Subject, Custodian, File Name, Document Created Date, Document Last Modified Date, Document Last Accessed Date, File Type, Location/Source, Text Link (path to text), Native Link (path to native file); and

    d. MS Excel, MS Powerpoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, must be produced in native format to the extent they do not include privileged redactions. A party may make a reasonable request to receive additional document in its native format, and upon receiving such a request, the producing party must produce the document in its native format.

4. Please produce the requested documents in the same manner and order as they are kept in the ordinary course of business (with bates labeling).

5. If You have no Documents in Your possession, custody, or control that are responsive to a particular Document Request, please so state as for each Request.

6. If You object to any part of a request, identify the part to which You object, state the objection(s) with specificity, whether any responsive Documents are being withheld based on that objection, and provide a response to the remaining unobjectionable part.

7. If You withhold any Document or information based on a claim of privilege, You must provide a written privilege log setting forth the information necessary for Plaintiff to assess whether the privilege properly applies in accordance with Federal Rule of Civil Procedure 26(b)(5).

8. If, in responding to any Request, You encounter any ambiguity in construing either the Request or a definition or instruction relevant to it, set forth the matter ambiguous and the construction selected or used in responding.

*Exhibit A*
*to Subpoena to Medium Corporation*

9. Pursuant to the Federal Rules of Civil Procedure, these Requests are continuing in nature. Accordingly, You have a duty to promptly supplement Your response and production as additional Materials or information becomes available to You.

-4-

*Exhibit A*
*to Subpoena to Medium Corporation*

### III. DOCUMENT REQUESTS[†]

**Request No. 1:** Documents sufficient to Identify the subscriber information for the account associated with Vires.Finance located at the URL https://medium.com/vires-finance and content related to such user.

---

[†] Bold typeface indicates words, phrases, or acronyms defined in the Definition Section, which definitions apply to the instructions and Requests herein, regardless of whether upper or lower case letters or normal or bold typeface are used for the defined terms.