UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| AVRAHAM EISENBERG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NUMERIS LTD.; SASHA IVANOV; and DOES 1-10,<br><br>　　　　　Defendants. | Civil Action No. 3:22-cv-01325 |

**PLAINTIFF'S MOTION TO EXTEND
THE TIME FOR SERVICE OF PROCESS ON DEFENDANTS**

Plaintiff Avraham Eisenberg respectfully moves this Court for an order extending the deadline for Plaintiff to serve the defendants with process by 90 days pursuant to Federal Rule of Civil Procedure 4(m). In support, Eisenberg respectfully shows the Court as follows:

**INTRODUCTION**

This case concerns the manipulation by Defendants to artificially inflate the price of cryptocommodities. *See* Compl. ¶¶ 1–40, ECF No. 1. In this exit scam, Defendants set up that liquidity pool, created a new token called USDN, and set up the Vires.Finance protocol's liquidity pool. *See* Compl. ¶¶ 19–21, ECF No. 1. Eisenberg and others lent cryptocommodities into the Vires.Finance protocol's liquidity pool in exchange for interest on the stable coins and defendants uses the inflated price on their newly created USDN to withdraw all stable coins that Eisenberg and others lent. *See* Compl. ¶¶ 23–31, ECF No. 1.

On July 6, 2022, Eisenberg filed the Complaint [ECF No. 1] against Defendants Numeris, Ltd., Sasha Ivanov, and Does 1–10. In addition, Eisenberg moved [ECF No. 2] the Court for a temporary restraining order, allowance of substitute service, and limited expedited

discovery. Defendant Numeris is a foreign corporation, and Defendant Ivanov resides in a foreign country. Complaint ¶ 4, ECF No. 1. Defendants Does 1–10 are unidentified. Complaint ¶ 4, ECF No. 1. As such, the deadline for Eisenberg to serve Defendants is October 4, 2022 to the extent any defendant may be served within any district of the United States.[1]

## ARGUMENTS & AUTHORITIES

Generally, Rule 4(m) "requires a defendant to be served within [90] days after the complaint is filed." *Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 328 (D.P.R. 2016). If plaintiff fails to serve a defendant within the 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "Good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s], or the plaintiff is proceeding *pro se* or in *forma pauperis.*" *Moreno-Perez v. Toledo-Davila*, 266 F.R.D. 46, 49–50 (D.P.R. 2010).

Generally, there are three categories of defendants in this case: foreign corporations, foreign individuals, and unknown individuals. Because the requirements of Rule 4(m) do not apply to the foreign defendants, dismissal would be inappropriate as to them and support a good cause basis for the remaining unknown defendants. *See Wang Yan v. ReWalk Robotics*

---

[1] *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also id.* ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).").

*Ltd.*, No. CV 17-10169-FDS, 2018 WL 1041541, at *4 (D. Mass. Feb. 23, 2018). Good cause exists to extend this deadline because the defendants have engaged in misleading conduct to conceal their identity and the anonymous nature of the transactions may be mitigated by the limited discovery allowed for identification of defendants. *See Narbut v. Manulife Fin. Corp.*, No. 1:17-CV-10639-ADB, 2020 WL 3577939, at *6 (D. Mass. July 1, 2020).

### A. Defendants' Misleading Information on the Vires.Finance Website.

Good cause exists because the defendant has evaded service of the process by engaging in misleading conduct with respect to the control over the Vires.Finance website. First, Numeris—or the other defendant Does—operates the Vires website. According to the Terms of Service on that website, "Numeris Ltd." is "a Seyshelles Limited Liability Company with registration number 230885."[2] No search results may be located on the Republic of Seychelles's website for either Numeris or the purported registration number.[3]

In addition, no information can be publicly obtained with respect to the ownership of the domain name vires.finance. The domain name registration information indicates that NameCheap, Inc. is the registrar.[4] This information further indicates that remaining information pertaining to Numeris—or the other defendant Does—has been "READACTED FOR PRIVACY."[5]

Finally, Numeris has not responded to any request to waive service. The only notice address indicated on the terms of service is legal@vires.finance.[6] Accordingly, on August 23,

---

[2] *Terms of Use*, VIRES.FINANCE, https://docs.vires.finance/g1/terms-of-use (last updated Feb. 10, 2022).
[3] Seychelles Government, *Search Business & Company*, SEYGOCONNECT, https://www.registry.gov.sc/BizRegistration/WebSearchBusiness.aspx (entering "Numeris" populates no results) (last visited Sept. 19, 2022).
[4] Vires.finance, *WhoIs Information*, WHO.IS, https://who.is/whois/vires.finance (last updated on May 23, 2022).
[5] *Id*.
[6] *Terms of Use: Communication*, VIRES.FINANCE, https://docs.vires.finance/g1/terms-of-use (last updated Feb. 10, 2022).

2022, Eisenberg sent a notice of lawsuit and request for waiver of summons to legal@vires.finance. To date, Eisenberg has not received any response regarding the request for waiver of service. Accordingly, Eisenberg has requested documents from non-parties to obtain identifier information for Defendant Does operating the Vires.Finance protocol.[7]

Eisenberg has been attempting to locate an address to effectuate service on Sasha Ivanov. Eisenberg has only been able to locate public information pertaining to Ivanov because he appears to be a citizen of Ukraine. This information derives from Ivanov's twitter account, @sasha35625, where he tweeted on February 27, 2022:



[8]

On the other hand, Ivanov states that his residence is in "Miami, Florida, United States" on LinkedIn.[9] Further, his LinkedIn states that he is a "Co-Founder" for "Corbital LLC" located

---

[7] On September 2, 2022, Eisenberg requested that the Clerk issue subpoenas directed to Twitter, GitBook, GitHub, and Medium, which provide services that Numeris uses to operative certain webpages associated with Vires.Finance. *See* Plf.'s Mot. Issuance Subpoenas 1, ECF No. 19. The Clerk issued these subpoenas on September 8, 2022. *See generally* Issued Subpoenas, ECF Nos. 23, 23-1, 23-2.
[8] Sasha Ivanov (@sasha35625), TWITTER (Feb. 27, 2022, 12:05 PM), https://twitter.com/sasha35625/status/1497996249101791236. On April 11, 2022, Ivanov indicated that the city is spelled "Zaporizhya." Sasha Ivanov (@sasha35625), TWITTER (Apr. 1, 2022 2:27 AM), https://twitter.com/sasha35625/status/1513418532226281474.
[9] Aleksandr Ivanov, LINKEDIN, https://www.linkedin.com/in/sasha-ivanov (last visited Sept. 15, 2022).

in the United States.[10] Similarly, the Waves Labs page on LinkedIn indicates that it is located at 2509 N Miami Ave, Miami, Florida 33127.[11] Moreover, Corbital LLC identifies Ivanov as having an address at 2509 North Miami Ave, Suit 101, Miami, Florida 33127 according to the Florida Secretary of State's public search feature.[12]

Based on this information, Eisenberg requested the issuance of a subpoena to Ivanov at this address on August 30, 2022. Proposed Summons at 1, ECF No. 10-1. On August 31, 2022, the Clerk issued the summons to Ivanov. Summons at 1, ECF No. 17-1. On September 12, 2022, the process server stated that they attempted service on September 9th at the Miami Avenue address and indicated that "location is a restaurant called Burdo" and "[p]er Marianna /manager the defendant is unknown." Consequently, Eisenberg has begun looking for additional service addresses for Ivanov and directing the process server to attempt the address at another time.

### B. The Anonymous Nature Mitigated by Limited Discovery.

Good cause also exists for the Court to grant Plaintiff Eisenberg's request for a 90-day extension of his deadlines to serve summons on Defendants because the nature of the conduct involves anonymous activity. As important here, most of the transactions occur through anonymous identifiers. These are public addresses that are available for everyone to see, and private keys known only to the individual controlling that address. *See* Compl. ¶ 13, ECF No. 1. While the ownership of many of these cryptocommodities are misrepresented as

---

[10] *Id.*

[11] Waves Labs, *About: Locations*, LINKEDIN, https://www.linkedin.com/company/waves-labs (last visited Sept. 15, 2022).

[12] Corbital LLC, *Detail by Entity Name*, SUNBIZ.ORG, Florida Department of State, Division of Corporations, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=CORBITAL%20M220000123790&aggregateId=forl-m22000012379-d0ed29ab-1241-471f-a136-14e86e72f289&searchTerm=Corbital%20LLC&listNameOrder=CORBITAL%20M220000123790 (indicating that Sasha Ivanov's name may be Alexsandr Ivanov) (last visited Sept. 15, 2022).

decentralized website that purportedly run autonomously, these websites have been made with loopholes so that the creators may accomplish their fraudulent and manipulative schemes. Analysis of these complex transactions reveals that certain addresses are associated with the named Defendants but identifying the location of these defendants requires obtaining documents revealing the identity of the subjects.

On August 10, 2022, the Court denied in part and granted in part Eisenberg's motion. Order 1–6, ECF No. 9. As relevant here, the Court denied Eisenberg's request for substitute service on Numeris, Ltd. and Ivanov via e-mail. *Id.* at 5. The Court granted Eisenberg's request for limited discovery to identify the defendants. *Id.* at 6. Following the Court's Order, Eisenberg has made several attempts to obtain this information, locate Defendants, and attempt service before the expiration of the service deadline.

Eisenberg is diligently analyzing the transactions, but he needs additional time to investigate the facts and circumstances alleged in the Complaint and prepare a narrow subpoena for the individuals at issue   Eisenberg believes this 90-day extension would provide a reasonable amount of time for him to diligently prepare his analysis of the operative transactions while locating Defendants for service of the Complaint. Accordingly, Eisenberg requests that the Court extend the time for him to serve summons on the defendants to January 2, 2023.

## CONCLUSION

For these reasons, Plaintiff Eisenberg respectfully requests that this Court grant this Motion by ordering that the time for service of process on the Defendants is extended to January 2, 2023.

| | |
|---|---|
| Dated:   September 19, 2022 | Respectfully, |

*[signature]*

**JAMES H. CREEDON** (*Pro Hac Vice*)
Texas Bar No. 24092299
jhcreedon@creedon.com
**CHRISTIAN COWART** (*Pro Hac Vice*)
Texas Bar No. 24105748
ccowart@creedon.com
**CREEDON PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel:   (972) 850-6864
Fax:   (972) 920-3290

**CORTLAND C. PUTBRESE**
Puerto Rico Federal Bar No. 305708
cputbrese@dbllawys.com
**DUNLAP BENNETT & LUDWIG PLLC**
8003 Franklin Farms Dr., Suite 220
Richmond, Virginia 23229
Tel:   (804) 977-2688
Fax:   (804) 977-2680

**SAMUEL H. JOHNSON** (*Pro Hac Vice*)
Texas Bar No. 24065507
sam@jfbusinesslaw.com
**JOHNSON FRIEDMAN LAW GROUP, PLLC**
7161 Bishop Road, Suite 220
Plano, Texas 75024
Tel:   (214) 382-0300
Fax:   (214) 466-2481

**COUNSEL FOR PLAINTIFF
AVRAHAM EISENBERG**

<u>CERTIFICATE OF SERVICE</u>

I certify that, on September 19, 2022, the foregoing document has been filed with the Clerk via the Court's CM/ECF system and served on all counsel of record who are deemed to have consented to electronic service via the Court's NEF system or the registered users' e-mail accounts per Rule 5(b) and LR 5(b).

_____
CHRISTIAN COWART