UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| AVRAHAM EISENBERG,<br><br>             Plaintiff,<br><br>   v.<br><br>NUMERIS LTD.; SASHA IVANOV; and DOES 1-10,<br><br>             Defendants. | Civil Action No. 3:22-cv-01325 |

**PLAINTIFF'S SECOND MOTION TO EXTEND
THE TIME FOR SERVICE OF PROCESS ON DEFENDANTS**

Plaintiff Avraham Eisenberg respectfully moves this Court for an order additionally extending the deadline for Plaintiff to serve the defendants with process by 90 days pursuant to Federal Rule of Civil Procedure 4(m). In support, Eisenberg respectfully shows the Court as follows:

### INTRODUCTION

On December 15, 2022, the Court granted Plaintiff's Motion for Extension of Time, ordering that service of process be effected on or before January 2, 2023. ECF No. 28. That same day, the Clerk issued the summons as to defendant Sasha Ivanov. ECF No. 31. The summons contains an address for Mr. Ivanov in the United Arab Emirates, where he was believed to be in October 2022. That same day, the Clerk further issued a requested subpoena necessary to determine the location and identities of defendants, which has since been served but not yet responded to. ECF 32.

Based upon the issuance of the summons and subpoena on December 15, 2022, Eisenberg requests an additional 90 days to serve process on Defendants.

## ARGUMENTS & AUTHORITIES

Generally, Rule 4(m) "requires a defendant to be served within [90] days after the complaint is filed." *Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 328 (D.P.R. 2016). If plaintiff fails to serve a defendant within the 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "Good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s], or the plaintiff is proceeding *pro se* or in *forma pauperis*." *Moreno-Perez v. Toledo-Davila*, 266 F.R.D. 46, 49–50 (D.P.R. 2010).

In general, there are three categories of defendants in this case: foreign corporations, foreign individuals, and unknown individuals. Because the requirements of Rule 4(m) do not apply to the foreign defendants, dismissal would be inappropriate as to them and support a good cause basis for the remaining unknown defendants. *See Wang Yan v. ReWalk Robotics Ltd.*, No. CV 17-10169-FDS, 2018 WL 1041541, at *4 (D. Mass. Feb. 23, 2018). Good cause exists to extend this deadline because the defendants have engaged in misleading conduct to conceal their identity and the anonymous nature of the transactions may be mitigated by the limited discovery allowed for identification of defendants. *See Narbut v. Manulife Fin. Corp.*, No. 1:17-CV-10639-ADB, 2020 WL 3577939, at *6 (D. Mass. July 1, 2020).

### A.      Defendants' Misleading Information on the Vires.Finance Website.

Good cause exists because the defendant has evaded service of the process by engaging in misleading conduct with respect to the control over the Vires.Finance website. First, Numeris—or the other defendant Does—operates the Vires website. According to the Terms of Service on that website, "Numeris Ltd." is "a Seyshelles Limited Liability Company with registration number 230885."[1] No search results may be located on the Republic of Seychelles's website for either Numeris or the purported registration number.[2]

In addition, no information can be publicly obtained with respect to the ownership of the domain name vires.finance. The domain name registration information indicates that NameCheap, Inc. is the registrar.[3] This information further indicates that remaining information pertaining to Numeris—or the other defendant Does—has been "REDACTED FOR PRIVACY."[4]

Finally, Numeris has not responded to any request to waive service. The only notice address indicated on the terms of service is legal@vires.finance.[5] Accordingly, on August 23, 2022, Eisenberg sent a notice of lawsuit and request for waiver of summons to legal@vires.finance. To date, Eisenberg has not received any response regarding the request for waiver of service. Accordingly, Eisenberg has requested documents from non-parties to obtain identifier information for Defendant Does operating the Vires.Finance protocol.[6]

---

[1] *Terms of Use*, VIRES.FINANCE, https://docs.vires.finance/g1/terms-of-use (last updated Feb. 10, 2022).
[2] Seychelles Government, *Search Business & Company*, SEYGOCONNECT, https://www.registry.gov.sc/BizRegistration/WebSearchBusiness.aspx (entering "Numeris" populates no results) (last visited Sept. 19, 2022).
[3] Vires.finance, *WhoIs Information*, WHO.IS, https://who.is/whois/vires.finance (last updated on May 23, 2022).
[4] *Id.*
[5] *Terms of Use: Communication*, VIRES.FINANCE, https://docs.vires.finance/g1/terms-of-use (last updated Feb. 10, 2022).
[6] On September 2, 2022, Eisenberg requested that the Clerk issue subpoenas directed to Twitter, GitBook, GitHub, and Medium, which provide services that Numeris uses to operative certain webpages associated with

Eisenberg has been attempting to locate an address to effectuate service on Sasha Ivanov. Eisenberg has only been able to locate public information pertaining to Ivanov because he appears to be a citizen of Ukraine. This information derives from Ivanov's twitter account, @sasha35625, where he tweeted on February 27, 2022:

[7]

On the other hand, Ivanov states that his residence is in "Miami, Florida, United States" on LinkedIn.[8] Further, his LinkedIn states that he is a "Co-Founder" for "Corbital LLC" located in the United States.[9] Similarly, the Waves Labs page on LinkedIn indicates that it is located at 2509 N Miami Ave, Miami, Florida 33127.[10] Moreover, Corbital LLC identifies Ivanov as

---

Vires.Finance. *See* Plf.'s Mot. Issuance Subpoenas 1, ECF No. 19. The Clerk issued these subpoenas on September 8, 2022. *See generally* Issued Subpoenas, ECF Nos. 23, 23-1, 23-2.

[7] Sasha Ivanov (@sasha35625), TWITTER (Feb. 27, 2022, 12:05 PM), https://twitter.com/sasha35625/status/1497996249101791236. On April 11, 2022, Ivanov indicated that the city is spelled "Zaporizhya." Sasha Ivanov (@sasha35625), TWITTER (Apr. 1, 2022 2:27 AM), https://twitter.com/sasha35625/status/1513418532226281474.

[8] Aleksandr Ivanov, LINKEDIN, https://www.linkedin.com/in/sasha-ivanov (last visited Sept. 15, 2022).

[9] *Id.*

[10] Waves Labs, *About: Locations*, LINKEDIN, https://www.linkedin.com/company/waves-labs (last visited Sept. 15, 2022).

having an address at 2509 North Miami Ave, Suit 101, Miami, Florida 33127 according to the Florida Secretary of State's public search feature.[11]

Based on this information, Eisenberg requested the issuance of a subpoena to Ivanov at this address on August 30, 2022. Proposed Summons at 1, ECF No. 10-1. On August 31, 2022, the Clerk issued the summons to Ivanov. Summons at 1, ECF No. 17-1. On September 12, 2022, the process server stated that they attempted service on September 9th at the Miami Avenue address and indicated that "location is a restaurant called Burdo" and "[p]er Marianna /manager the defendant is unknown." Consequently, Eisenberg has begun looking for additional service addresses for Ivanov and directing the process server to attempt the address at another time.

### B. The Anonymous Nature Mitigated by Limited Discovery.

Good cause also exists for the Court to grant Plaintiff Eisenberg's request for a 90-day extension of his deadlines to serve summons on Defendants because the nature of the conduct involves anonymous activity. As important here, most of the transactions occur through anonymous identifiers. These are public addresses that are available for everyone to see, and private keys known only to the individual controlling that address. *See* Compl. ¶ 13, ECF No. 1. While the ownership of many of these cryptocommodities are misrepresented as decentralized website that purportedly run autonomously, these websites have been made with loopholes so that the creators may accomplish their fraudulent and manipulative schemes. Analysis of these complex transactions reveals that certain addresses are associated

---

[11] Corbital LLC, *Detail by Entity Name*, SUNBIZ.ORG, Florida Department of State, Division of Corporations, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=CORBITAL%20M220000123790&aggregateId=forl-m22000012379-d0ed29ab-1241-471f-a136-14e86e72f289&searchTerm=Corbital%20LLC&listNameOrder=CORBITAL%20M220000123790 (indicating that Sasha Ivanov's name may be Alexsandr Ivanov) (last visited Sept. 15, 2022).

with the named Defendants but identifying the location of these defendants requires obtaining documents revealing the identity of the subjects.

On August 10, 2022, the Court denied in part and granted in part Eisenberg's motion. Order 1–6, ECF No. 9. As relevant here, the Court denied Eisenberg's request for substitute service on Numeris, Ltd. and Ivanov via e-mail. *Id*. at 5. The Court granted Eisenberg's request for limited discovery to identify the defendants. *Id*. at 6. Following the Court's Order, Eisenberg has made several attempts to obtain this information, locate Defendants, and attempt service before the expiration of the service deadline.

On December 15, 2022, the Clerk issued a requested subpoena, which has since been served. ECF 32. Eisenberg is awaiting responsive materials to determine appropriate physical addresses and identities of parties for service of process. Further, Eisenberg needs additional time to investigate the location of Sasha Ivanov — although it is believed Mr. Ivanov was in the United Arab Emirates at the time Eisenberg requested the summons (October 4, 2022), it is now believed that Mr. Ivanov is in another as-yet-unknown country. An additional 90-day extension would provide a reasonable amount of time for Eisenberg to diligently prepare his analysis of the operative transactions while locating Defendants for service of the Complaint. Accordingly, Eisenberg requests that the Court extend the time for him to serve summons on the defendants to April 2, 2023.

## CONCLUSION

For these reasons, Plaintiff Eisenberg respectfully requests that this Court grant this Motion by ordering that the time for service of process on the Defendants is extended to April 2, 2023.

Dated:   September 19, 2022

Respectfully,
*/s/ James Creedon*
**JAMES H. CREEDON** (*Pro Hac Vice*)
Texas Bar No. 24092299
jhcreedon@creedon.com
**CHRISTIAN COWART** (*Pro Hac Vice*)
Texas Bar No. 24105748
ccowart@creedon.com
**CREEDON PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel:   (972) 850-6864
Fax:   (972) 920-3290

**CORTLAND C. PUTBRESE**
Puerto Rico Federal Bar No. 305708
cputbrese@dbllawys.com
**DUNLAP BENNETT & LUDWIG PLLC**
8003 Franklin Farms Dr., Suite 220
Richmond, Virginia 23229
Tel:   (804) 977-2688
Fax:   (804) 977-2680

**SAMUEL H. JOHNSON** (*Pro Hac Vice*)
Texas Bar No. 24065507
sam@jfbusinesslaw.com
**JOHNSON FRIEDMAN LAW GROUP, PLLC**
7161 Bishop Road, Suite 220
Plano, Texas 75024
Tel:   (214) 382-0300
Fax:   (214) 466-2481

**COUNSEL FOR PLAINTIFF**
**AVRAHAM EISENBERG**

<u>C<small>ERTIFICATE OF</small> S<small>ERVICE</small></u>

I certify that, on December 30, 2022, the foregoing document has been filed with the Clerk via the Court's CM/ECF system and served on all counsel of record who are deemed to have consented to electronic service via the Court's NEF system or the registered users' e-mail accounts per Rule 5(b) and LR 5(b).

*/s/ James Creedon*
James Creedon
