UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| AVRAHAM EISENBERG,<br><br>                    Plaintiff,<br><br>           v.<br><br>NUMERIS LTD.; SASHA IVANOV; and DOES 1-10,<br><br>                    Defendants. | Civil Action No. 3:22-cv-01325 |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF
THE COURT'S JULY 1, 2024 ORDER (DKT. 56)**

Plaintiff Avraham Eisenberg respectfully moves for clarification of the Court's July 1, 2024 Order dismissing Defendants Sasha Ivanov and Numeris Ltd. ("Numeris") pursuant to Federal Rule of Civil Procedure Rule 41(b) ("the Order"). In short, Plaintiff requests that the Order be clarified to state that the dismissal of Mr. Ivanov and Numeris was ***without prejudice***.

As stated in the Order, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)." (Order *citing Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 52526 (1st Cir. 2002)). In this regard, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. ***Unless the dismissal order states otherwise***, a dismissal under this subdivision (b)... operates as an adjudication ***on the merits.***" Fed. R. Civ. P. 41(b) (emphasis added).

The Order does not specify whether the dismissal was intended to operate as an adjudication of the merits, i.e., a dismissal with prejudice. In view of the record, Plaintiff

1

believes that a dismissal without prejudice is appropriate:

The Court's, immediately prior, June 12, 2024 Order to Show Cause directed Plaintiff to "inform the Court as to the efforts made to effect service of process as to all Defendants" and referenced Rule 4(m), which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action ***without prejudice*** against that defendant...." (Dkt. 53 *citing* Fed. R. Civ. P. 4(m)) (emphasis added). Accordingly, in responding to the Order to Show Cause, Plaintiff did not contemplate the possibility of a dismissal with prejudice.

In this regard, courts in this Circuit "must fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits and procedural aspects such as notice." *Garcia-Perez v. Hosp. Metropolitano*, 597 F.3d 6, 7 (1st Cir. 2010) (internal citations omitted). In *Garcia-Perez* the First Circuit found that the "drastic sanction" of a *sua sponte* dismissal with prejudice was not warranted, despite the plaintiffs' three year delay in complying with discovery deadlines. *Id.* at 8. Among other factors, it was noted that the district court's "warnings did not give the plaintiffs 'realistic notice' that they faced the harsh sanction of dismissal with prejudice for failure to comply with the court's orders. *Id.* at 9; *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 45 (1st Cir. 2003) (vacating dismissal with prejudice for failure to prosecute where court acted *sua sponte* and without warning to the plaintiff).

The Court is familiar with the history of this case and Plaintiff's situation. Shortly after this case was filed, Mr. Eisenberg was detained by the authorities and remains in federal custody. With his criminal trial recently completed, Mr. Eisenberg can now refocus on this case, including the difficulties of effectuating service on foreign entities that are actively

2

evading service. Mr. Eisenberg has complied with the Court's orders and has a meritorious claim against the defendants that he may pursue in another jurisdiction.[1]

For at least these reasons, Mr. Eisenberg respectfully requests that the Court clarify the Order to state that the dismissal of Mr. Ivanov and Numeris was *without prejudice* and did not act as an adjudication on the merits.

Dated: July 11, 2024

RESPECTFULLY SUBMITTED,

**Dunlap Bennett & Ludwig PLLC**

By: s/ Cortland C. Putbrese
Cortland C. Putbrese
Puerto Rico Federal Bar No. 305708
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Tel.    804.977.2688
Fax    804.977.2680
cputbrese@dbllawyers.com

**Scale LLP**

James H. Creedon, *pro hac vice*
Texas Bar No. 24092299
5473 Blair Road, Suite 100
Dallas, Texas 75231
Tel.    972.850.6864
Fax    972.920.3290
jcreedon@scalefirm.com

ATTORNEYS FOR PLAINTIFF
AVRAHAM EISENBERG

---

[1] Plaintiff is filing a notice of dismissal of the last remaining defendant, Corbital LLC, contemporaneously herewith.

## **Certificate of Service**

      I certify that on July 11, 2024, the foregoing document has been filed with the Clerk via the Court's CM/ECF system and served on all counsel of record who are deemed to have consented to electronic service.

By: s/ Cortland C. Putbrese
Cortland C. Putbrese
Puerto Rico Federal Bar No. 305708
Dunlap Bennett & Ludwig PLLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Tel.    804.977.2688
Fax    804.977.2680
cputbrese@dbllawyers.com
